IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-HC-2136-D

| | |
|---|---|
| CORBY MONTRELLE BRIDGERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 25, 2018, Corby Montrelle Bridgers ("Bridgers" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1] and exhibits [D.E. 1-1]. On June 15, 2018, Bridgers refiled his petition on the form prescribed for use in this court. Am. Pet. [D.E. 4]. The court now conducts its preliminary review pursuant to 28 U.S.C. § 2243 and dismisses the petition for lack of jurisdiction.

I.

> On September 24, 2013, [Mr. Bridgers] pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846 [(count one)], and one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)[(count five)]. On March 6, 2014, Mr. Bridgers was sentenced to 150 months on the narcotics charge followed by a consecutive 60 months on the § 924(c), resulting in a total term of 210 months' imprisonment. Mr. Bridgers did not appeal, and his judgment became final on March 7, 2015.

Bridgers v. United States, No. 5:13-CR-183-BO-1, 2015 WL 3605677, at *1 (E.D.N.C. June 5, 2015) (unpublished) (internal citations omitted), appeal dismissed, 613 F. App'x 270 (4th Cir. 2015) (per curiam) (unpublished); see Am. Pet. [D.E. 4] 1; Mem. Supp. Am. Pet. [D.E. 4-1] 4–6.

On March 2, 2015, Bridgers filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. See Bridgers, 2015 WL 3605677, at *1; Am. Pet. [D.E. 4] 2, 4; Mem. Supp. Am. Pet. [D.E. 4-1] 6–7. On June 5, 2015, the court dismissed the motion. See Bridgers, 2015 WL 3605677, at *1. Bridgers appealed. On September 1, 2015, the United States Court of Appeals for the Fourth Circuit dismissed the appeal. See Bridgers, 613 F. App'x at 270–71; Am. Pet. [D.E. 4] 5–6.

On March 2, 2016, through counsel, Bridgers moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). See Mot., United States v. Bridgers, No. 5:13-CR-183-BO-1, [D.E. 173] (E.D.N.C. Mar. 2, 2016). On June 2, 2016, the court granted Bridgers's motion and reduced Bridgers's sentence on count one to 120 months. Id. [D.E. 179] (E.D.N.C. June 2, 2016). The reduction had no effect on Bridgers's 60-month consecutive sentence on count five. Id. at 1.

Bridgers continues to challenge the calculation of his sentence, including the quantity of drugs attributed to him and the leadership enhancement applied to him. See Am. Pet. [D.E. 4] 6–7; Mem. Supp. Am. Pet. [D.E. 4-1] 8–10. Bridgers also contends that "the PSR double counts numerous concurrent and consolidated North Carolina priors which led to [Bridgers] being sentenced under category VI, which was procedural error that affected the petitioner's substantial rights and due process rights because it caused a much higher guideline range to be produced." Mem. Supp. Am. Pet. [D.E. 4-1] 11. Finally, Bridgers argues that his conviction on count five "has been unconstitutionally applied and must be vacated" because he was physically incapable of accessing the firearm when law enforcement searched his residence. Id. at 12.

The court may not consider a section 2241 motion challenging the legality of Bridgers's conviction and sentence unless "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 "is inadequate and ineffective to test the legality" of a sentence

2

when:

> (1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of [section] 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), pet. for cert. filed, No. 18-420, 87 U.S.L.W. 3152 (U.S. Oct. 3, 2018); see In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is "not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a [section] 2255 motion." Vial, 115 F.3d at 1194 n.5. If a section 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see Wheeler, 886 F.3d at 423.

Although Bridgers cites two Guideline amendments and a host of cases, see Mem. Supp. Am. Pet. [D.E. 4-1] 8–10, Bridgers has not identified a new rule of substantive law that retroactively applies on collateral review. See, e.g., Crowder v. United States, No. 4:17-CR-37, 2019 WL 943390, at *2 (E.D. Va. Feb. 26, 2019) (unpublished); Villarreal v. Wilson, No. 2:17CV533, 2018 WL 7288531, at *5 (E.D. Va. Dec. 21, 2018) (unpublished) (collecting cases), report and recommendation adopted, 2019 WL 573414 (E.D. Va. Feb. 12, 2019) (unpublished); Hart v. Warden, FPC Alderson, No. 1:16-CV-1453, 2018 WL 7120258, at *2 n.2 (S.D. W. Va. Dec. 13, 2018) (unpublished), report and recommendation adopted, 2019 WL 286745 (S.D. W. Va. Jan. 22, 2019) (unpublished); Minor v. Coakley, No. 2:17-CV-133, 2018 WL 4871131, at *2 (N.D. W. Va. Oct. 9, 2018) (unpublished); Suggs v. Saad, No. 2:16-CV-58, 2017 WL 1862468, at *7 (N.D. W. Va. May 9, 2017) (unpublished) (collecting cases). Moreover, Bridgers cannot meet Wheeler's fourth

prong and show, due to a retroactive change, that his sentencing "now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429. The sentencing court's alleged miscalculation of Bridgers's advisory guideline range does not present "a defect of a 'fundamental' nature." United States v. Foote, 784 F.3d 931, 941–43 (4th Cir. 2015); see Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018); Wheeler, 886 F.3d at 432 n.9.

After reviewing the claim presented in Bridgers's habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find that the court's treatment of Bridgers's claim was debatable or wrong, and the issue does not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the court denies a certificate of appealability.

II.

In sum, the court DISMISSES petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1] for lack of jurisdiction. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _8_ day of March 2019.

<br>JAMES C. DEVER III
United States District Judge

4